**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ANTHONY CAULTON, | ) | Case No. 4:13 CV 1909 |
| | ) | |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| CHRISTOPHER LAROSE, Warden, | ) | |
| | ) | |
| | ) | **MEMORANDUM OPINION** |
| Respondent. | ) | **AND ORDER** |

This matter comes before the Court on Petitioner Anthony Caulton's objections to the Magistrate Judge's Report and Recommendation. (Doc. #12.)  For the following reasons, Petitioner's objections are DENIED. (Doc. #18.)

## I.      FACTUAL AND PROCEDURAL HISTORY

The Report adequately states the factual background and procedural history of this matter.  Petitioner states he has no objections to, and has identified no error in, the Magistrate's Synopsis of the Facts; Procedural History; or standard of review.  For these reasons this Court will not restate the relevant portions of the Report here and will instead accept the factual and procedural history reflected in the Report as written.

## II.      STANDARD OF REVIEW

Motions made pursuant to 28 U.S.C. § 2254 are governed by the standard of review set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").   AEDPA prescribes a narrow *habeas corpus* remedy only where a State court adjudication has resulted in (1) "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law," or (2) a "decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d). AEDPA further limits "clearly established Federal law" to those principles "determined by the Supreme Court of the United States."  28 U.S.C. § 2254 (d)(1).  For the purposes of *habeas* review after AEDPA, "clearly established Federal law" refers to the express holdings of the United States Supreme Court "as opposed to the dicta" of that Court's decisions "of the time of the relevant state-court decision."  *Williams v. Taylor*, 529 U.S. 362, 365, 120 S.Ct. 1495 (2000).

When evaluating a § 2254 petition this Court notes that AEDPA and decisional law applying its restrictions have clearly stated that a district court may not "apply its own views of what the law should be" but must issue a writ only where "clearly established federal law" has been applied *unreasonably,* not merely erroneously or incorrectly. *Bailey v. Mitchell*, 271 F.3d 652, 656 (emphasis added).  The Supreme Court reiterates:

> If this standard is difficult to meet, that is because it was meant to be.  As amended by AEDPA, § 2254 (d) stops short of imposing a complete bar on federal-court relitigation of claims already rejected in state proceedings.  It preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the United States Supreme Court's] precedents.  It goes no further. Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal.

*Harrington v. Richter*, 562 U.S. 86, 102, 131 S.Ct. 770 (2011) (Citations omitted).  The Sixth

Circuit explains:

> A state court decision is 'contrary to' clearly established Federal law 'if the state
> court arrives at a conclusion opposite to that reached by [U.S. Supreme Court] on
> a question of law,' or 'if the state court confronts facts that are materially
> indistinguishable from a relevant [U.S.] Supreme Court precedent' and arrives at
> a different result. A state court decision is an 'unreasonable application of' clearly
> established Federal law 'if the state court correctly identifies the correct
> governing legal rule from [U.S. Supreme Court's] cases but unreasonably applies
> it to the facts of the particular state prisoner's case.  An 'unreasonable application'
> can also occur where 'the state court either unreasonably extends a legal principle
> from [the U.S. Supreme Court's] precedent to a new context where it should not
> apply or unreasonably refuses to extend that principle to a new context where it
> should apply.

*Ruimveld v. Birkett*, 404 F.3d 1006, 1010 (6th Cir. 2005), internal citations, to *Williams v.*

*Taylor*, 529 U.S. 405–407, omitted.

Where, as here, a party files written objections to the report and recommendation issued

by the magistrate judge, this Court "shall make" a *de novo* "determination of those portions of

the record or specified proposed findings or recommendations to which objection is made." 28

U.S.C. §636 (b)(1).  Only those portions of a report and recommendation to which the parties

have made an objection are subject to review; absent an objection, this Court may adopt the

magistrate's report without review. 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 145,

106 S.Ct. 466 (1985).   With regard to those portions of the Report and Recommendation under

review, this Court "may accept, reject, or modify, in whole or in part, the findings or

recommendations made by the magistrate judge." 28 U.S.C. §636 (b)(1).

The Magistrate Judge Act (28 U.S.C. § 636 *et seq.*) "does not allow parties to raise at the

district court stage new arguments or issues that were not presented to the magistrate." *Murr v.*

*United States*, 200 F.3d 895, 907 n. 1 (6th Cir.2000); *see also Clark v. U.S.*, 764 F.3d 653 (6th

Cir. 2014) and *Enyart v. Coleman*, 29 F.Supp.3d 1059 (N.D. Ohio 2014), among others.   Thus,

this Court's review is predicated on a proper objection to the Magistrate's evaluation of the issues presented to the Magistrate.  Fed. R. Civ. Pro. 72 (b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.")  It is incumbent upon the party seeking relief to file objections "which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections." Fed. R. Civ. Pro. 72 (b)(3).  "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F.Supp.2d 743, 747 (E.D.Mich. 2004) citing *U.S. v. Walters*, 638 F.2d. 947, 949-50 (6th Cir. 1981).

## III.    LAW AND ANALYSIS

Petitioner originally raised four grounds for review, however, his objections are directed to three of the four grounds; thus this Court will adopt, without objection, the portions of the Report and Recommendation that address Petitioner's claims concerning the trial court's ruling on his motion for a new suppression hearing.  This Court divides its review of Petitioner's objections according to the subject matter: **(A)** State and Federal Speedy Trial Rights; **(B)** Sufficiency of the Evidence; and **(C)** Jury Instructions.

### (A) SPEEDY TRIAL RIGHTS

Petitioner objects to the Magistrate's conclusion that the reviewing state court accurately calculated Petitioner's state statutory speeding trial timeline under O.R.C. § 2945.72 and reasonably applied federal constitutional precedent, as stated by the United States Supreme Court in *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182 (1972), when determining that the delay in Petitioner's trial was reasonable under the circumstances.  In support of his argument, rather than

identify a defect in the Magistrate's review, Petitioner states for the first time in state or federal proceedings that he was entitled to Ohio's triple count provision, which would have reduced the speedy trial clock from 270 to 90 days.  O.R.C. § 2945.71(C)(2) & (E). Previously, as both the Magistrate and the Ohio Seventh District Court of Appeals noted, Petitioner conceded "that the State had 270 days to bring him to trial because he was being held on two unrelated charges." (Doc. # 7-1, p. 23.)  Petitioner's failure to raise the triple-count issue in prior State proceedings is a procedural barrier to review.  *Daniels v. United States*, 532 U.S. 374, 381, 121 S.Ct. 1578 (2001).

Where, as here, a petitioner fails to present an issue "to the state courts under the same theory in which it is presented in federal court" the petitioner cannot demonstrate the exhaustion of remedies necessary to permit *habeas* review.  *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1987); *see also Clinkscale v. Carter*, 375 F.3d. 430, 437 (6th Cir. 2004) citing *O'Sullivan v Boerckel*, 526 U.S. 838, 119 S.Ct. 1728 (1999).  Accordingly, noting the procedural bar to the new argument raised by Petitioner, and in the absence of an objection that does anything more than state a general disagreement with the Magistrate's conclusions, Petitioner's objection on this ground is OVERRULED.[1]  *Walters,* 638 F.2d. at 949-50.

**(B)  SUFFICIENCY OF THE EVIDENCE**

Petitioner states that he is unable "properly defend himself" on this issue because he was never provided with a copies of the transcript of proceedings related to this issue.  (Petitioner's Objections, p.5.)  A review of the docket in this matter indicates that on January 6, 2014 six volumes of transcripts were filed with a notice of filing that reflects service to Petitioner at the Trumbull Correctional Institution in Leavittsburg, Ohio on the same date.  (Doc. #6.)  This filing

---

[1] The Court notes an arithmetic error on page 15 of Report and Recommendation, 270 subtracted from 468 is 198 not 98.  This error does not alter the substantive accuracy of the Magistrate's Report and Recommendation or change this Court's review of the same.

occurred eight days before January 14, 2014, when Respondent filed the Return of Writ with additional supporting documents and served the documents to Petitioner at the same address reflected in the Notice of Filing of Transcripts. (Doc. #7.) The Return of Writ quotes extensively from the previously filed transcripts, citing in each instance both the volume and page number from the transcript provided. (Doc. # 7.)

The record includes three separate requests for extension of time filed by Petitioner seeking additional time to file his response to the Respondent's Return of Writ. (Docs. ## 8; 9; 10.) Each of these requests note the filing date of the Return of Writ as January 6, 2014. (Docs. ## 8; 9; 10.) The date of filing indicated on each request reflects Petitioner's awareness of both Docket #6 (the transcripts) and Docket #7 (the Return of Writ) when preparing his response. None of the three requests for extension of time include any indication that Petitioner is struggling to complete his response due to any lack of access to the documents cited by Respondent. When Petitioner filed his Traverse to the Writ in response to the Return of Writ, he cites the very transcripts he now claims were not provided. (Doc. #11.) Moreover, this Court notes, Petitioner not only cites the transcripts, he cites portions of the transcripts not cited by Respondent, and does so using a different citation format, clearly demonstrating his possession of and access to the records. (Doc. #11.)

After filing his Traverse relying on the transcripts he now claims not to have, Petitioner requested and was granted multiple extensions of time to file his Objections to the Report and Recommendation. (Doc. ## 13; 14; 15; 16; 17.) One of Petitioner's requests specifically notes "[t]his *pro se* motion is made for[sic] purpose[sic] to have time for further review of the extensive Report &[sic] Recommendations, issues and transcripts to provide cognizable objections and supportable arguments and is not made for the purpose of delay." (Doc. # 15,

emphasis added.)   None of Petitioner's requests for extension indicate that he does not have access to the transcripts he claims to be reviewing.  This Court notes that Petitioner, Respondent, and the Magistrate all cite to the transcripts; and finds that when Petitioner cites the transcripts in his Traverse, he includes among those citations references to portions of the transcript not cited by Respondent or the Magistrate, and that he later requests additional time to review the transcripts more fully.  These facts conclusively establish that Petitioner was aware of and had access to the transcripts in this matter.

Petitioner's remaining non-transcript related objections to the Report and Recommendation are grounded in his belief that the Ohio Seventh District Court of Appeals misapplied its own precedent when rejecting his contention that he acted in a fit of passion. (Doc. #18, p. 7–9.)  Petitioner does not identify an error of fact or law applied by the Magistrate or a misapplication of federal law by the state court.  Accordingly, in the absence of a properly framed objection to the Magistrate's decision, Petitioner's arguments concerning the sufficiency of the evidence are OVERRULED.  Fed. R. Civ. Pro. 72 (b)(3).  Because the record in this matter indicates that Petitioner was provided transcripts of the proceeding below, Petitioner's request for an evidentiary hearing is OVERRULED.

### (C) JURY INSTRUCTIONS

Petitioner objects to the Magistrate's conclusion that his jury instruction claim is not cognizable in *habeas*.  As the Magistrate explained in the Report and Recommendation, alleged errors in the jury instructions given by a state trial court are matters of interpretation of state law, and therefore are not the type of errors that generally support federal *habeas* relief.  *Estelle v. McGuire*, 502 U.S. 62, 72-73 112 S.Ct. 475 (1991) ("As we have stated above, however, the fact that the instruction was allegedly incorrect under state law is not a basis for habeas relief.").  "[I]t

is a state's prerogative to define what evidence is relevant to the case in the first place." *Miskel v. Karnes*, 397 F.3d 446, 452 (6th Cir. 2005) citing *Jackson v. Virginia*, 443 U.S. 307, 324 n.16, 99 S.Ct.2781 (1979) (in which the U.S. Supreme Court noted the "power of the States to define criminal offenses") and *Montana v. Englehoff*, 518 U.S. 37, 58, 116 S.Ct. 2013 (1996) (in which the Court held "States enjoy wide latitude in defining the elements of criminal offenses").  When evaluating a habeas petition a federal court must "defer to a state court's interpretation of its own rules of evidence and procedure." *Id.* at 453.

Petitioner urges this Court to conclude that because a conviction for involuntary manslaughter may result in a definite prison term of 3-11 years, while a murder conviction carries indefinite term of 15 years to life, his trial, in the absence of an involuntary manslaughter instruction, was fundamentally unfair.  O.R.C. 2929.14 (A)(1); O.R.C. 2929.02 (B)(1).  As the Magistrate accurately stated, the Ohio Supreme Court holds "voluntary manslaughter is not a lesser included offense of murder," nevertheless, "the test for whether a judge should give a jury instruction on voluntary manslaughter is the same test to be applied as when an instruction on a lesser included offense is sought." *State v. Shane*, 63 Ohio St.3d 630, 632 (2010).  The Ohio Supreme Court requires a trial court to objectively determine whether there is "evidence of reasonably sufficient provocation occasioned by the victim" that would warrant such an instruction.  *State v. Conway*, 108 Ohio St.3d 214, 238 (2006), citing *Shane, paragraph one of the syllabus.*  "Words alone will not constitute reasonably sufficient provocation to incite the use of deadly force in most situations."  *Shane, supra,* at paragraph two of the syllabus.  Both the Magistrate and the Ohio Seventh District Court of Appeals identified and applied the proper standard in this matter.

8

The Magistrate's Report and Recommendation includes a comprehensive summary of the testimony cited by the Ohio Seventh District Court of Appeals on this issue.  Both the Appellate Court and the Magistrate noted that, although one witness described seeing the victim throw up his hands, "like let's fight" and others reported some scuffling or "tussling" before the victim ran from Petitioner, there is scant evidence of provocation in the record.   (Report and Recommendation, p. 30.)  In addition to the scant evidence of provocation, testimony indicated that the victim was unarmed; that the victim was running away from Petitioner; that the fatal shot entered through the victim's back and pierced his heart; and that Petitioner started to walk away from the victim before pausing and returning to shoot the victim again, multiple times; as a result, the victim suffered eight separate gunshot wounds.  (Report and Recommendation, p. 30-31.)   This record reflects ample testimony that supports the trial court's conclusion that a manslaughter instruction was not warranted.

Petitioner's disagreement with the conclusion reached by the state trial court, the state appellate court, and the federal Magistrate is understandable, but it is not supported by the record.  The trial court's decision appears reasonable in the context of the material presented at trial, as such it does not support a conclusion that the decision not to instruct on involuntary manslaughter "so infected the entire trial that the resulting conviction violates due process." *Estelle*, 502 U.S. at 72 (quoting, among others, *Cupp v. Naughten*, 414 U.S. 141, 147, 94 S.Ct. 396 (1973): "It must be established not merely that the instruction is undesirable, erroneous, or even 'universally condemned,' but that it violated some constitutional right.    It is well established that the instruction 'may not be judged in artificial isolation,' but must be considered in the context of the instructions as a whole and the trial record." Citations omitted.)  The fact that Petitioner challenges the absence of an additional instruction does not lessen his burden, as

9

the United States Supreme Court notes: "In this case, the [petitioner's] burden is especially heavy because no erroneous instruction was given; . . . [a]n omission, or an incomplete instruction, is less likely to be prejudicial than a misstatement of the law." *Henderson v. Kibbe*, 431 U.S. 145, 155, 97 S.Ct. 1730 (1977).

Petitioner's belief that a jury *could have found* him guilty of a different offense does not alter the fact that a jury did find him guilty, beyond a reasonable doubt, of the actual offense on which he was tried.  Petitioner does not identify any error or misstatement of law in the jury instructions given or identify the legal basis on which he believes that an individual running away from a confrontation offers the "reasonably sufficient provocation" for the use of deadly force that warrants a manslaughter instruction.  *Shane,* 63 Ohio St.3d at paragraph one of the syllabus.  Petitioner's arguments are fundamentally grounded in the law of the State of Ohio.  As such, Petitioner has not identified the unreasonable application of clearly established Federal law, expressed by the Supreme Court of the United States, necessary to demonstrate a basis for *habeas* relief under 28 U.S.C. § 2254.  Petitioner again blames any deficiencies in his argument on the "absence" of the transcripts that this record does not demonstrate.  Accordingly, Petitioner's arguments concerning the jury instructions given by the trial court and his renewed request for an evidentiary hearing are OVERRULED.  Fed. R. Civ. Pro. 72 (b)(3), 28 U.S.C. §636 (b)(1).

## IV.    CONCLUSION

For the reasons set forth herein, this Court finds Petitioner's Objections to be without merit.  Petitioner's Objections are therefore OVERRULED.  This Court has reviewed the Report and Recommendation and, having found it legally and factually accurate, hereby ADOPTS the

Report and Recommendation in its entirety.   The Petition for Writ of Habeas Corpus is

DISMISSED.

This Court certifies, pursuant to 28 U.S.C. § 1915 (A)(3), that an appeal of this decision

could not be taken in good faith, and that there is no basis upon which to issue a certificate of

appealability.  28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b).


**IT IS SO ORDERED**.

s/John R. Adams

_____

**U.S. DISTRICT COURT JUDGE**
**NORTHERN DISTRICT OF OHIO**

Dated: May 6, 2016