**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ANTHONY CAULTON, | ) | Case No. 4:13 CV 1909 |
| | ) | |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| CHRISTOPHER LAROSE, Warden, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | **ORDER** |

This matter comes before the Court on Petitioner, Anthony Caulton's, Motion to Alter or Amend Judgment Pursuant to FRCP 59(e). (Doc. #21.)

Federal Rule of Civil Procedure 59(e) provides "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." "Motions under Rule 59(e) must either clearly establish a manifest error of law or must present newly discovered evidence." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F3d 367, 374 (6th Cir. 1998). Petitioner seeks four "amendments" of this Court's judgment overruling his objections and adopting the Report and Recommendation as to the sufficiency of the evidence; the speedy trial calculation; and state court jury instructions.  With regard to each requested amendment Petitioner has not identified a manifest error of or change in the law applicable to his petition or alleged new evidence relevant to his petition.  In lieu of presenting the material necessary to support a Fed. R. Civ. P. 59(e) motion Petition restates the flawed arguments the Magistrate and this Court have rejected; as such the motion is without merit.

In addition to requesting that this Court alter its legal analysis of his grounds for relief Petitioner objects to the Court's conclusion that he was aware of the filing of and had access to the trial transcripts. Petitioner prepared his traverse without mentioning the alleged absence of the transcript. Petitioner further stated in his request for extension of time to prepare objections to the Report and Recommendation that he needed additional time to review the trial transcripts. Petitioner then cited portions of the transcripts not cited by Respondent or the Magistrate in his filings. Petitioner now states that he misrepresented his need for an extension by signing a "form" motion and further misled the Court by using citations from the brief submitted in his State appellate proceeding attached to the Return of Writ without accurately citing the source of the material. Petitioner contends that this Court should find his misrepresentations to the Court are clerical errors due to his pro se status. Setting aside the fact that clerical errors do not encompass affirmative misrepresentations, Petitioner's pro se status does not alter his obligation to be truthful and accurate in all representations to the Court, as required by Fed. R. Civ. P. 11(b). Petitioner's own misrepresentations are not a basis for relief under Fed. R. Civ. P. 59(e). Plaintiff has neither set forth evidence nor made an argument that would satisfy the requirements to alter or amend the judgment entered in this case under Fed. R. Civ. P. 59(e). In the absence of any legal basis to alter this Court's judgment of dismissal, Plaintiff's motion is DENIED.

This Court certifies, pursuant to 28 U.S.C. § 1915 (A)(3), that an appeal of this decision could not be taken in good faith and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b).

**IT IS SO ORDERED**.

                                        */s/ John R. Adams*
                                        **U.S. DISTRICT COURT JUDGE**
                                        **NORTHERN DISTRICT OF OHIO**

Dated: October 27, 2016